[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10559
Non-Argument Calendar
_____

Agency Nos. A79-478-574
A79-478-575

OSCAR HUMBERTO ZAPATA,
MARIA ISABEL DE LOS RIOS,

Petitioners-Appellants,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 1, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Oscar Humberto Zapata and Maria de los Rios ("Petitioners") are natives and citizens of Columbia, S.A. They entered the United States in New York in February 2000 as non-immigrant visitors for pleasure with authorization to stay for a period not to exceed six months. After arriving in New York, they worked there for a time and then moved to Davie, Florida. In June 2001, they were married and Zapata filed an application for asylum.

Because Petitioners overstayed their six-month authorization, the Immigration and Naturalization Service ("INS"), on August 15, 2002, served them with a Notice to Appear, charging them with remaining in the United States without authorization. Petitioners thereafter appeared before an Immigration Judge ("IJ"), admitted the allegations of the Notice to Appear and conceded removability. At a subsequent asylum hearing, the IJ considered Zapata's asylum application together with his request for withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 208.16-18.

Zapata conceded that his asylum application was untimely and attempted to excuse the filing delay by explaining that he had suffered some emotional problems during his first year in the United States. The IJ found the excuse insufficient, and dismissed the asylum application as untimely. Then, after

2

considering Zapata's case, based mainly on Zapata's testimony, for withholding of removal and CAT protection, the IJ stated that had Zapata's asylum application been timely, he would have denied it on the merits because Zapata failed to demonstrate past persecution or a well-founded fear of future persecution. Since Zapata failed to make out a case for asylum, the IJ denied his request for withholding of removal and CAT protection – which required a showing significantly greater than that required for asylum – and ordered Petitioners' removal.

Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed, agreeing with the IJ that Zapata's asylum application was untimely and inexcusable and that Petitioners had failed to establish a basis for withholding of removal under the INA or CAT. Petitioners now seek review in this court. We consider first the question of the timeliness of Zapata's asylum application, then the denial of withholding of removal and CAT relief.

An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered. . .if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary

circumstances relating to the delay in filing an application . . . ."  INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).  Section 1158(a)(3) "divests [this] Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing."  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).  Further, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, does not change this jurisdictional rule.  Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (explaining that we"cannot review the IJ's and BIA's denial of [petitioner's] asylum claim, even considering the changes in the Real ID Act" because "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes").

Because we lack the authority to review the determination that an asylum application is untimely, the portion of the instant petition seeking review of Zapata's claim for asylum is dismissed.  We consider now whether Petitioners should have been granted withholding of removal or CAT relief.

Petitioners contend that Zapata's testimony demonstrated that he had suffered past persecution by the Colombian Revolutionary Armed Forces ("FARC") due to the threats made against him because he campaigned for a Liberal Party candidate.  They contend that because it is well- documented that

4

Colombia is "saturated" by the FARC, Zapata was entitled to a presumption that his life would be threatened upon his return.

We "review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA expressly agreed with the IJ's decision, we review both decisions. See id. To the extent that the IJ's and the BIA's decisions are based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005). We "must affirm the BIA's [and the IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted).

Withholding of removal may be granted if the alien establishes that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or, as Petitioners

5

contend here, political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3).

Additionally, an alien may receive withholding of removal based on an imputed

political opinion not actually held by the alien. See Sanchez v. U.S. Att'y Gen.,

392 F.3d 434, 438 (11th Cir. 2004) ("To qualify for withholding of removal based

on persecution by a guerilla group on account of a political opinion, [petitioner]

must establish that the guerillas persecuted [him] or will seek to persecute [him] in

the future because of her actual or imputed political opinion."). The burden of

proof is on the alien to show his eligibility for withholding of removal. 8 C.F.R. §

208.16(b). An alien is entitled to withholding of removal if he can establish, with

specific and credible evidence: (1) a past threat to life or freedom through proof of

past persecution on account of a protected ground, or (2) a future threat to life or

freedom if it "is more likely than not" that the protected ground will cause future

persecution. 8 C.F.R. § 208.16(b)(1), (2). If an alien establishes past persecution,

he is presumed to have a well-founded fear of future persecution, unless the

government can rebut the presumption with evidence of changed circumstances in

the alien's country, or that the alien could relocate within his country and that it

would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(1)(i). If,

however, an alien does not establish past persecution, he bears the burden of

showing a well-founded fear of future threat to life or freedom by showing that it is

more likely than not that he will suffer persecution on the basis of the protected ground, and he could not avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(2).

"'[P]ersecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005)(citation omitted).

Substantial evidence supports the IJ's determination that Zapata failed to meet his burden of showing that he more likely than not would suffer persecution upon returning to Colombia. The candidate for whom Zapata had campaigned was killed in 1999, and he and his family thereafter lived in Columbia unharmed for eight months. Zapata's only evidence of persecution was his connection with that candidate. The candidate's death eliminated that connection and thus the basis for the alleged persecution. We therefore deny the instant petition with respect to Petitioners' request for withholding of removal and CAT protection.

PETITION DISMISSED, IN PART; DENIED, IN PART